UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-23199-CIV-JORDAN

| | |
|---|---|
| ARLEN HOUSE EAST CONDOMINIUM ASSOCIATION, INC., a Florida corporation not for profit, | ) ) ) ) |
| Plaintiff | ) ) |
| vs. | ) ) |
| QBE INSURANCE (EUROPE) LIMITED, a foreign corporation f/k/a QBE INTERNATIONAL INSURANCE LIMITED and INSCORP THE INSURANCE CORPORATION OF NEW YORK, a foreign corporation, | ) ) ) ) ) ) ) ) |
| Defendants | ) |

**ORDER DENYING MOTION TO DISMISS**

For the reasons which follow, the defendants' motion to dismiss Counts III and IV [D.E. 23] is DENIED.

**I. FACTS**

Arlen House East Condominium Association (Arlen House) is a Florida non-profit corporation and condominium association. QBE Insurance is a foreign corporation with its principal place of business in London, England. The Insurance Corporation of New York is a foreign corporation with its principal place of business in Stamford, Connecticut.

The defendants sold insurance contracts to Arlen House, insuring property located at 100 Bayview Drive, Sunny Isles Beach, Miami-Dade County, Florida. Arlen House alleges that it entered into an insurance contract with Insurance Corporation of New York for the twelve-month period from January 5, 2002 through January 5, 2003, and entered into a separate insurance contract with QBE Insurance for the twelve-month period from January 5, 2003 through January 5, 2004. Both of these contracts purportedly provided commercial property coverage, including but not

limited to, additional property coverage for collapse for the insured property. Arlen House asserts that around late October of 2003, it submitted a proof of loss to the defendants stemming from losses it suffered from a "collapse" of the insured property. The defendants ultimately denied Arlen House's claim and refused to pay for the alleged loss. Arlen House then commenced the present action against the defendants. Counts I and II of the amended complaint allege breach of contract against each defendant, and Counts III and IV allege breach of the implied duty of good faith and fair dealing against each defendant.

Arlen House argues that both defendants breached the implied duty of good faith and fair dealing by, among other things: (a) failing to pay for the loss or damages to Arlen House's property, which was caused by collapse; (b) failing to promptly adjust Arlen House's property damage claim; (c) failing to fairly and promptly pay Arlen House's property damage claim; (d) failing to fairly and promptly settle Arlen House's property damage claim; and (e) otherwise failing to provide property coverage for Arlen House's property damage claim. The defendants now move to dismiss Counts III and IV of the amended complaint, arguing that Florida law does not recognize a cause of action for breach of an implied warranty of good faith and fair dealing in the context of a first-party insurance contract.

## II. STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff must plead "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. For Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). The court must limit its consideration to the pleading. *See GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir. 1993). The plaintiff's factual allegations are accepted as true and all reasonable inferences from these allegations are drawn in their favor. *See Roberts v. Florida Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir. 1998). However, the plaintiff must allege more than "labels and conclusions." *See Financial Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (May 21, 2007)). The factual allegations in the complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Id.* Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

### III. DISCUSSION

The defendants argue that Counts III and IV are premature because they attempt to bring an action for bad faith under Fla. Stat. § 624.155. I disagree. "Under Florida law, every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.,* 420 F.3d 1146, 1151 (11th Cir. 2005). A claim for breach of the implied warranty, however, cannot be maintained in the absence of a breach of an express term of the contract. *See id.* at 1152. In their motion to dismiss, the defendants provide a lengthy recitation of case law and legislative history regarding bad faith claims in Florida, and in doing so, they attempt to equate "bad faith" with lack of "good faith." However, a cause of action for breach of the implied warranty of good faith and fair dealing is separate and distinct from bad faith claims. *See Townhouses of Highland Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2007 WL 2403272, at *1 (S.D. Fla. Aug. 17, 2007). *See also Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 2007 WL 2225972, at *3 (S.D. Fla. Aug. 1, 2007).

The defendants rely on *Quadomain Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2007 WL 1424596, *6 (S.D. Fla. May 14, 2007), which held that the plaintiff's similar claim was "one for statutory bad faith dressed in breach-of-implied-warranty clothing." *Quadomain*, however, noted the difference between these two claims: "an action for bad faith alleges an insurer's wrongful refusal to settle a claim . . . while an action for breach of the implied covenant of good faith and fair dealing relates to whether the parties' reasonable expectations have been met in regard to the implied obligations of an express contractual provision." *Id.*[1] Although the plaintiff in *Quadomain* ultimately failed to satisfy the court that it was not sneaking in a bad faith claim, the present case is distinguishable.

Here, Arlen House alleges a breach of an express term of the contract, the defendant's failure to pay for the loss or damages which were caused by collapse. The contract contains several provisions pertaining to collapse. *See* Contract Provisions in Amended Complaint ¶ 50, "Causes of

---

[1] The defendants also filed a notice of supplemental authority, relying on *Buckley Towers Condo. Inc. v. QBE Ins. Corp.*, Case No. 07-22988-Civ-Moreno, which follows *Quadomain*. *Buckley*, however, also acknowledges that *Quadomain* held that a breach of implied warranty allegation could theoretically be asserted together with an express breach of contract claim arising from the failure to provide property coverage under Florida law. *See* Report and Recommendation at 10 [DE 142]. Judge Moreno adopted this report and recommendation. *See* 2008 WL 2856457, at *1 (S.D. Fla. July 24, 2008).

Loss, D. Additional Coverage - Collapse." This case is therefore distinguishable from *Quadomain* and similar to *Townhouses* and *Chalfonte*, where both courts held that the plaintiff properly alleged a breach of implied covenant of good faith and fair dealing because it alleged breach of an express term of the contract. Moreover, the *Townhouses* court declined to follow *Quadomain* because the insurance policy mentioned how the defendant must adjust, investigate, settle and pay claims. Similarly, the insurance policies at question here state the mechanism by which the insurers are to adjust, investigate, and pay claims.

Furthermore, it is not apparent from the amended complaint that Arlen House is pursuing the extra-contractual, tort-like, or punitive damages generally sought in bad faith claims. It seems to me that Arlen House is seeking damages only for breach of contract. To the extent that there is any ambiguity, however, Arlen House shall not be allowed to recover any extra-contractual damages in Counts III and IV; Arlen House will be limited to damages stemming from any breach of the insurance contract and attorneys' fees, if appropriate. This limitation shall ensure that Arlen House will not sneak any bad faith claim or damages by dressing them in breach of implied warranty clothing. In sum, I conclude that Arlen House's claims are for breach of implied warranty of good faith and fair dealing, as the amended complaint states, not claims for bad faith as the defendants suggest.[2]

### IV. CONCLUSION

Accordingly, the defendants' motion to dismiss Counts III and IV is DENIED. The defendants shall answer Counts III and IV by no later than October 13, 2008.

DONE and ORDERED in chambers in Miami, Florida, this 30th day of September, 2008.

*Adalberto Jordan*
Adalberto Jordan
United States District Judge

Copy to:   All counsel of record

---

[2] A claim for breach of the implied duty may be dismissed as redundant where the conduct allegedly violating the implied covenant is duplicative of the companion cause of action alleging breach of contract. *See Trief v. American Gen. Life Ins. Co.*, 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006). I refrain from addressing this issue because the defendants have not raised this argument in their motion to dismiss.